UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: ) | | |
|     RHONDA J. LEWALLEN, ) | | |
| ) | | |
|                     Debtor. ) | Bankruptcy Case No. 04-50195 | |
| ) | | |
| RHONDA J. LEWALLEN, ) | Chapter 13 | |
| ) | | |
|                     Plaintiff, ) | Adversary Proc. No. _____ | |
| ) | | |
| vs. ) | | |
| ) | | |
| GREEN TREE SERVICING LLC, ) | | |
| ) | | |
|     and ) | | |
| ) | | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, ) | | |
| as Trustee of Conseco Finance Home Equity ) | | |
| Loan Trust 2000-F, ) | | |
| ) | | |
|                     Defendants. ) | | |

## **COMPLAINT**

COMES NOW Plaintiff Rhonda J. Lewallen, and for her Complaint against Defendants Green Tree Servicing LLC and U.S. Bank Trust National Association states to the Court as follows:

I. PRELIMINARY STATEMENT

1. This adversary proceeding is brought by the Plaintiff-Debtor, Rhonda Lewallen, pursuant to 11 U.S.C. § 502, to object to the secured claim filed by Defendant Green Tree Servicing LLC in the underlying bankruptcy action, and to assert affirmative claims against Defendant Green Tree Servicing LLC and U.S. Bank Trust National Association for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, Fair Debt Collection

Practices Act § 15 U.S.C. 1692 *et seq.*, and Missouri Merchandising Practices Act, § 407.010 RSMo. *et seq.*

## II. JURISDICTION

2.   Jurisdiction of the Bankruptcy Court in this matter is provided by 28 U.S.C. §§ 1334 and 157(b)(2).

3.   This is a core proceeding, under 28 U.S.C. § 157(b)(2)(B), (C) and (K).

4.   Pursuant to 11 U.S.C. § 105, the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11.

## III. PARTIES

5.   Plaintiff Rhonda Lewallen is a natural person who, at all times relevant hereto, has resided in Caldwell County, Missouri. She has occupied the home at 219 Walnut, Kidder, Caldwell County, Missouri as her principal residence since 1999.

6.   On February 23, 2004, Rhonda Lewallen filed a petition with this Court seeking relief pursuant to Chapter 13 of the Bankruptcy Code. She remains in possession of all property of the estate pursuant to 11 U.S.C. § 1306(b).

7.   At all times relevant hereto, Defendant Green Tree Servicing LLC (hereinafter "Green Tree") was and is a Delaware corporation engaged, *inter alia*, in the business of servicing mortgage loans in the State of Missouri and elsewhere. The principal offices of Green Tree are located at 300 Landmark Towers, 345 St. Peter Street, St. Paul, Minnesota 55102.

8.   At all relevant times hereto, Defendant U.S. Bank Trust National Association (hereinafter "U.S. Bank") was and is a federally chartered trust company with banking powers doing business in Missouri and other states, and is a trustee for numerous securitization trusts which purchased home equity loans from Conseco. The principal offices of U.S. Bank are

located in St. Paul, Minnesota.

9. Whenever it is alleged herein that Defendants did any act or thing, it is meant that said Defendants(s) performed or participated in such act or thing, or that such act was performed by the officers, employees, attorneys, or agents of Defendants(s) acting within the scope and course of employment, and in each instance the officers, agents, or employees of Defendants(s) were then authorized and did in fact act on behalf of Defendants(s).

## IV. FACTUAL ALLEGATIONS

10. On May 25, 2000, Rhonda Lewallen entered into a consumer credit transaction (hereinafter "Loan") with Conseco Finance Servicing Corp. (hereinafter "Conseco"). Ms. Lewallen executed a promissory note agreeing to pay $50,300 to Conseco, which note was secured by a Deed of Trust on Ms. Lewallen's home (hereinafter "Deed of Trust"). The Loan was primarily for personal, family, or household purposes.

11. The $50,300 Loan was to be paid in 239 monthly payments of $524.76, followed by a "balloon payment" of $36,822.85. Conseco did not inform Rhonda Lewallen that the Loan included a "balloon payment" and this term was hidden in the numerous pages of loan documents presented to Rhonda Lewallen on May 25, 2000 for her signature. Had Rhonda Lewallen known that the Loan included this term, she would not have agreed to the Loan, as she had a very limited income and no means of paying the $36,822.85 "balloon." Moreover, the monthly payments provided for by the Loan did not include payment of taxes and insurance, which Ms. Lewallen had requested be included.

12. Upon information and belief, shortly after the Loan was originated, Conseco consolidated Rhonda Lewallen's Loan and Deed of Trust with other consumer loans, and transferred its interests therein to a securitization trust. U.S. Bank took legal title to the pooled

loans as trustee pursuant to a pooling and servicing agreement entered into between U.S. Bank and Conseco. Conseco retained the servicing rights with respect to said loans, including Rhonda Lewallen's Loan.

13. Upon information and belief, the securitization trust to which Rhonda Lewallen's Loan was transferred was Conseco Finance Home Equity Loan Trust, Series 2000-F.

14. The Loan was a "federally related mortgage loan," within the meaning of 12 U.S.C. § 2602, as Conseco made or invested in residential real estate loans aggregating more than $1,000,000 per year.

15. In December, 2002, Conseco filed a Chapter 11 bankruptcy, and on or about June 23, 2003, under the bankruptcy approved asset sale, servicing rights with respect to the Loan were transferred from Conseco to Green Tree. When transferred, the Loan was in default.

16. Since 2001, Conseco and thereafter Green Tree provided inaccurate, inconsistent, misleading and confusing demand letters and billing statements to Rhonda Lewallen regarding amounts allegedly owed under the Loan, and failed to properly credit payments made to her account.

17. During 2002 and 2003, Conseco and Green Tree incorrectly required monthly payments from Rhonda Lewallen of $535.24, when in fact her contractual monthly payment was only $524.76, causing Ms. Lewallen's account to fall increasingly into arrears despite the fact that she was, at times, paying more than her required monthly payments. Moreover, Green Tree and/or Conseco assessed excessive late charges against Debtor's account.

18. From 2001 to 2004, Rhonda Lewallen repeatedly contacted Conseco and Green Tree in futile attempts to reach a resolution as to what was owed on her account, sending six or more "qualified written requests" pursuant to the Real Estate Settlement Procedures Act, 12

U.S.C. § 2605(e). Neither Conseco nor Defendants adequately responded to Rhonda Lewallen's requests that her account be reviewed and corrected, nor otherwise sent an appropriate response to her "qualified written requests."

19. Moreover, in January, 2004, Green Tree refused to accept Loan payments from Rhonda Lewallen, returning payments she sent to Green Tree on or about December 31, 2003.

20. Ignoring Rhonda Lewallen's repeated efforts to resolve this dispute, on January 9, 2004, Green Tree executed an Appointment of Successor Trustee, purportedly appointing Millsap & Singer, P.C. as successor trustee under the Deed of Trust, so as to pursue foreclosure proceedings.

21. On January 9, 2004, U.S. Bank was the "Lender" pursuant to the Deed of Trust, and thus only U.S. Bank, not Green Tree, had authority under the terms of the Deed of Trust to appoint a successor trustee.

22. Upon information and belief, in January, 2004, Full Spectrum Lending requested that Green Tree provide it with a payoff amount so that Full Spectrum Lending could refinance the Loan, however the payoff figure provided by Green Tree's agent to Full Spectrum Lending was significantly more than Rhonda Lewallen actually owed on the Loan, and after receiving this inflated payoff figure Full Spectrum Lending declined to refinance the Loan.

23. On January 21, 2004, the Missouri Division of Finance contacted Green Tree asking that it review and respond to Rhonda Lewallen's complaints, yet Green Tree pursued its plan to sell her home at a foreclosure sale scheduled for February 23, 2004.

24. On February 23, 2004, Ms. Lewallen filed her Petition with this Court seeking relief pursuant to Chapter 13 of the Bankruptcy Code to stop the foreclosure sale of her home.

25.     Green Tree filed Proof of Claim No. 2 in Rhonda Lewallen's bankruptcy case on March 16, 2004, representing that "Green Tree Servicing LLC" was the "creditor" with respect to this debt.  It further represented that Ms. Lewallen owed a secured claim in the amount of $54,502.99, with an arrearage of $4,652.84.

26.     After Rhonda Lewallen filed her Objection to Green Tree's Proof of Claim, on July 28, 2004, Green Tree filed an Amended Proof of Claim, renumbered Claim No. 4.  In this amended claim, Green Tree represented that "Green Tree Financial Servicing, LLC," not "Green Tree Servicing LLC" was the creditor with respect to this debt.  According to the records of the Missouri Secretary of State, the corporate status of Green Tree Financial Servicing, LLC was revoked on October 22, 2004.

27.     In the Amended Proof of Claim, "Green Tree Financial Servicing, LLC" represented that $54,471.25 was owed, not the $54,502.99 previously claimed.

28.     In neither Claim No. 2 nor in Claim No. 4 did Green Tree disclose to the Bankruptcy Court that it was only servicer of the Loan, but instead falsely represented that Green Tree Servicing LLC or Green Tree Financial Servicing, LLC was the "Creditor," when in fact U.S. Bank held legal title to the Loan.

29.     Green Tree's Amended Proof of Claim seeks excessive and unauthorized charges and fees, including $1,135.48 pre-petition attorney's costs and fees, $100 post-petition attorney's fees, $1,092.04 late charges, $71.76 "additional charges," $44.76 "other unpaid fees," $1,162.48 non-escrow advances, and $71.08 certified mail fees.

30.     Upon information and belief, $71.08 in certified mail fees were charged to Rhonda Lewallen's account by Green Tree because Green Tree's attorney, Millsap & Singer, P.C., sent <u>eight</u> certified mail Notices of Trustee's Sale to Rhonda Lewallen, and sent an

additional eight certified mail Notices of Trustee's Sale to the co-owner of the property, Karen Brooks.  As set forth above, the notices were fatally deficient as Millsap & Singer, P.C. had not lawfully been appointed Successor Trustee by the Lender, U.S. Bank, and thus could not lawfully proceed to sell Ms. Lewallen's home under the Deed of Trust.  Moreover, even had Millsap & Singer, P.C. been lawfully appointed a successor trustee under the Deed of Trust, § 443.325.3 RSMo. requires the mailing of only one, not eight, certified mail notices to the mortgagor.  Thus, even had the Notice been valid, the certified mail fee should have been $8.84, not $71.08, and thus Green Tree charged Debtor an additional $62.24 fee not authorized by law.

31.    Upon information and belief, it is and has been an ongoing practice of Millsap & Singer, P.C. to send excessive numbers of certified mail notices of trustee's sales to mortgagors and add these inflated costs to the foreclosure fees charged to the mortgagor.

32.    Rhonda Lewallen suffered damages proximately caused by the conduct of Defendants described herein including, but not limited to: costs of photocopies and postage in sending repeated qualified written requests; the cost of obtaining bank records of her mortgage payments; additional interest, late fees and foreclosure costs charged to Rhonda Lewallen's account; damage to Plaintiff's credit rating, the cost of filing Plaintiff's petition in bankruptcy, damages for Plaintiff's inconvenience, and damages for her emotional distress and mental suffering, all for a total in excess of $10,000.

V.  STATEMENT OF CLAIMS

*COUNT I – VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT*

For Count I of her Complaint against Defendant Green Tree, Plaintiff states as follows:

33.    Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and alleged.

34. The Loan was a consumer credit transaction subject to the Real Estate Settlement Procedures Act (hereinafter "RESPA"). 12 U.S.C. § 2601 *et seq.* and 24 C.F.R. § 3500.

35. As set forth above, several RESPA "qualified written requests" were sent by and on behalf of Rhonda Lewallen regarding the Loan. In addition to the repeated requests sent to Conseco, four additional qualified written requests were sent to Green Tree and its attorneys after Green Tree acquired the servicing rights to the Loan.

36. Green Tree failed to provide a written response within 20 days acknowledging receipt of three of Rhonda Lewallen's written requests, in violation of 12 U.S.C. § 2605(e)(1)(A).

37. Green Tree failed to make any necessary corrections to Rhonda Lewallen's account, or provide written notification of the correction to Ms. Lewallen, in violation of 12 U.S.C. § 2605(e)(2)(A).

38. Upon information and belief, Green Tree failed to conduct an investigation, or if in the alternative it conducted an investigation which reflected that the account was correct, Green Tree failed to provide Rhonda Lewallen with a written explanation or clarification as to why it believed the account was correct, in violation of 12 U.S.C. § 2605(e)(2)(B)(i), along with the name and telephone number of the appropriate individual who could provide assistance to Ms. Lewallen, in violation of 12 U.S.C. § 2605(e)(2)(B)(ii).

39. Upon information and belief, Green Tree failed to conduct an investigation, or if in the alternative it conducted an investigation, Green Tree failed to provide Rhonda Lewallen with the information requested, or an explanation why the information sought was unavailable, in violation of 12 U.S.C. § 2605(e)(2)(C)(i).

40. Upon information and belief, during the 60-day response period following the

January 28, 2004 qualified written request sent by Rhonda Lewallen reflecting a payment dispute, Green Tree reported adverse information to one or more credit reporting agencies concerning the payments in dispute, in violation of 12 U.S.C. § 2605(e)(3).

41. As a result of the above violations of law, pursuant to 12 U.S.C. § 2605(f), Defendant Green Tree is liable to Plaintiff for actual, incidental, and statutory damages, reasonable attorney's fees, and costs of this proceeding.

42. Due to Green Tree's pattern or practice of noncompliance with RESPA, Rhonda Lewallen is entitled to additional, statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B) not to exceed $1,000 per violation, for a total of $4,000 in additional damages.

WHEREFORE, Plaintiff prays this Court to enter a judgment against Defendant Green Tree for her actual damages; award $4,000 in additional damages; the costs of this action; and for such other and further relief as this Court deems just and proper.

### *COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT*

For Count II of her Complaint against Defendants, Plaintiff states as follows:

43. Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and alleged.

44. Green Tree is, and at all times relevant hereto was, a "debt collector" as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692a(6).

45. As set forth above, Defendant Green Tree attempted to collect from Rhonda Lewallen charges that were not authorized by the Note or Deed of Trust, in violation of 15 U.S.C. § 1692f(1).

46. As set forth above, Green Tree misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

47. As set forth above, Green Tree misrepresented services rendered or compensation which may be lawfully received for the collection of the Loan, in violation of 15 U.S.C. § 1692e(2)(B).

48. Green Tree failed to provide verification of the debt in response to Rhonda Lewallen's July 30, 2003 written notice that she disputed the debt, and thereafter continued its collection efforts, in violation of 15 U.S.C. § 1692g.

49. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Defendant Green Tree is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and an award of Plaintiff's actual damages, statutory damages, attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant Green Tree declaring that Defendant Green Tree's conduct violated the FDCPA, awarding Plaintiff by way of recoupment her actual damages and statutory damages of $1,000, the costs of this proceeding, and such other and further relief as this Court deems just and proper.

### COUNT III – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

For Count III of her Complaint against Defendants, Plaintiff states as follows:

50. Plaintiff incorporates herein by reference each and every prior allegation as though fully restated and alleged.

51. Section 407.020 RSMo. of the Missouri Merchandising Practices Act declares that, "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice." Section 407.025 provides a civil cause of

action to consumers who purchase goods or services and suffer damages due to any of the aforesaid unlawful practices.

52. In connection with the Loan and the servicing thereof, Defendants committed the following unfair, deceptive, or unconscionable practices:

(a) As more fully set forth in Count I above, Green Tree failed to provide timely and appropriate responses to Rhonda Lewallen's four "qualified written requests," conduct an appropriate investigation, make necessary corrections to the account, or provide Rhonda Lewallen with a written explanation or clarification including a statement of the reasons Defendant believed that the account was correct and the name and telephone number of the appropriate individual who could provide assistance to the borrower, all in violation of 12 U.S.C. § 2605(e), and thus *per se* unfair and deceptive acts or practices.

(b) Green Tree reported adverse information to one or more credit reporting agencies during the response period following Rhonda Lewallen's January 28, 2004 "qualified written request," in violation of 12 U.S.C. § 2605(e)(3), and thus a *per se* unfair and deceptive act or practice.

(c) Green Tree's violations of the FDPCA, as set forth in Count II above, were *per se* unfair and deceptive acts or practices.

(d) Green Tree's sending inaccurate, inconsistent, and confusing demand letters and billing statements to Rhonda Lewallen regarding amounts allegedly due under the Loan was an unfair and deceptive act or practice.

(e) Green Tree's providing Full Spectrum Lending with a payoff quote substantially in excess of what Rhonda Lewallen actually owed on the Loan was an unfair and deceptive act or practice.

(f) Green Tree's attempt to appoint Millsap & Singer, P.C. as Successor Trustee to pursue a foreclosure sale of Rhonda Lewallen's home, when Green Tree was not the "Lender" under the Deed of Trust and thus had no lawful authority to make such appointment, was an unlawful and deceptive act or practice.

(g) The actions of Green Tree's attorneys and agents in mailing Rhonda Lewallen and other mortgagors excessive, duplicate notices of trustee's sale by certified mail return receipt requested, and then charging the mortgagors for the additional costs thereof are unfair and deceptive acts or practices.

(h) Green Tree's filing two Proofs of Claim in Rhonda Lewallen's bankruptcy case which misrepresented Green Tree and "Green Tree Financial Servicing, LLC" to be the "creditor" with respect to the Loan, when it was merely the servicer of the Loan, and its failure to disclose to the Court that U.S. Bank was the true holder of the Loan were unfair and deceptive acts and practices.

(i) Defendants' failure and refusal to adequately respond to Plaintiff's requests for information as to the amounts owed under the Loan, refusal to accept payments from Plaintiff, all the while pursuing foreclosure were unfair and deceptive acts or practices.

(j) Defendants' attempts to collect excessive charges and fees from Rhonda Lewallen, which fees were not authorized by contract or statute, were unfair and deceptive acts or practices.

(k) Defendants' lack of good faith in the performance of the Loan and Deed of Trust, as set forth above, was in violation of 15 C.S.R. § 60-8.040(1) and thereby *per se* an unfair or deceptive act or practice.

53. The above-cited acts by Defendants all constitute unlawful practices in violation of the Missouri Merchandising Practices Act, § 407.010 *et seq.* RSMo.

54. Pursuant to § 407.025, the Court may award a consumer actual damages, punitive damages, reasonable attorney's fees, and such equitable relief as it deems necessary and proper for violations of the Merchandising Practices Act.

55. As a proximate result of the aforesaid unfair and deceptive acts and practices, Plaintiff suffered actual damages as alleged above in excess of $10,000.

56. The actions and omissions of Defendant Green Tree, as alleged above, were outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights and the rights of others such that Plaintiff is entitled to an additional amount as punitive damages in a sum sufficient to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays this Court to enter a judgment against Defendants for her actual damages; an award of punitive damages against Defendant Green Tree in an amount that is fair and reasonable; award Plaintiff the costs of this action; and for such other and further relief as this Court deems just and proper.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award Plaintiff her actual damages against Defendants;

b. Award Plaintiff statutory damages of $4,000 against Defendant Green Tree for its violation of RESPA;

c. Award Plaintiff statutory damages of $1,000 by recoupment against Defendant Green Tree for its violation of FDPCA;

d. Enter a declaratory judgment that Defendant Green Tree's conduct violated the FDCPA;

e. Award Plaintiff punitive damages against Defendant Green Tree in an amount which is fair and reasonable;

f. Award Plaintiff the costs of this action; and

g. Award such other and further relief as this Court deems just and proper.


 /s/ Susan Kephart
SUSAN KEPHART, Bar No. 27907
Legal Aid of Western Missouri
1125 Grand, Suite 1900
Kansas City, Missouri 64106
(816) 474-6750
Fax: (816) 474-9751
skephart@lawmo.org