UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RHONDA J. LEWALLEN, | ) | Chapter 13 |
| | ) | |
| Debtor, | ) | |
| | ) | Case No. 04-50195 |
| RHONDA J. LEWALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-05013-jwv |
| | ) | |
| v. | ) | |
| | ) | |
| GREEN TREE SERVICING, LLC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

COME NOW Defendants, Green Tree Servicing, LLC, and U.S. Bank Trust National Association, and for their Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Compel Arbitration, states as follows:

**INTRODUCTION**

Plaintiff Rhonda Lewallen has filed suit against Defendants Green Tree Servicing, LLC, and U.S.Bank Trust National Association, alleging that Defendants violated the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and Missouri Merchandising Practices Act by sending inaccurate, inconsistent and confusing demand letters and billing statements, failed to respond to written requests, and other matters relating to the promissory note. Because the promissory note contains a binding arbitration provision, Plaintiff's claims should be dismissed, or

in the alternative, these proceedings should be stayed pending the outcome of the arbitration proceedings.

## ARGUMENT

The Federal Arbitration Act provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
>
> (July 30, 1947, ch 392, § 1, 61 Stat. 670)
> 9 U.S.C. §2 (1996).

The Promissory Note signed by Rhonda Lewallen contained the following provision requiring arbitration of all disputes, claims or controversies arising from or relating to the contract or the parties to the contract:

> 9. **ARBITRATION**. All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN)**. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. Borrower agrees that Borrower shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or

>relating to this Agreement. The parties agree and understand that the arbitrator shall have all powers provided by law and the Agreement. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security Agreement shall not, constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by Lender pursuant to this provision.

The United States Supreme Court has ruled that an agreement which contains a provision requiring arbitration of disputes between the parties which involves or affects interstate commerce is specifically enforceable under the Federal Arbitration Act. *See* Allied-Bruce Terminix Companies v. Dobson, 115 S.Ct. 834 (1995). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. *See* Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). State ex rel. MCS Bldg. Co. v. KKM Medical, 896 S.W.2d 51, 53 (Mo.App. W.D. 1995).

Both the Federal Arbitration Act and the Missouri Uniform Arbitration Act express the desire to enforce arbitration agreements as a matter of law to further the important public policy of resolving disputes without resort to the courts. Village of Cairo v. Bodine Contracting Co., 685 S.W.2d 253, 258 (Mo.App. 1985). Under both the FAA and the Missouri Uniform Arbitration Act, a written agreement to submit a present or future dispute to arbitration is "valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. The public policy favoring arbitration is so strong that once an agreement to arbitrate

is proven, the arbitration clause will be construed in favor of arbitration unless the clause positively cannot be interpreted to cover the asserted dispute.  Id. at 259.

As expressly stated in the promissory note, the transactions in issue affect interstate commerce, thus triggering the Federal Arbitration Act. Pursuant to 9 U.S.C. §3 (and §435.355 R.S.Mo.), all proceedings in this case, including discovery, should be stayed pending the conclusion of the arbitration.  Because Plaintiffs fail to state a claim against Defendant Conseco and because Plaintiffs' sole remedy is through arbitration, Plaintiffs' Petition should be dismissed against Defendant Conseco Finance Servicing Corp.

WHEREFORE, Defendants Green Tree Servicing, LLC, and U.S. Bank Trust National Association request that the Court dismiss Plaintiffs' claims on the ground that Plaintiffs fail to state a claim upon which relief can be granted and their sole remedy against Defendants is via arbitration, that venue is not proper in Jackson County, Missouri, or in the alternative, Conseco Finance Servicing Corp. and Brian Ronsee respectfully move the Court for the issuance of an order compelling Plaintiffs to arbitrate their claims against Defendants, and further request that the Court issue its order staying all discovery and other proceedings pending the determination of the arbitration and for such other relief that the Court deems fair and reasonable.

/s/ David G. Wasinger
David G. Wasinger, MoBar #38253
James S. Cole, MoBar #26787
MURPHY WASINGER L.C.
Magna Place, Suite 550
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
(314) 961-0400
(314) 961-2726 FAX
dwasinger@mwlawlc.net
Attorneys for Defendants

CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served by ECF Notice of Electronic Filing on the persons below who participate in the ECF System and by first-class mail, postage prepaid, on all remaining persons below on July 28, 2005.

                                                /s/ David G. Wasinger

Susan Kephart
Legal Aid of Western Missouri
1125 Grand, Suite 1900
Kansas City, MO 64106

L:\CONSECO.FIL\Lewallen.011\memocompelarbit.wpd